**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**Case No.**

**SHARKSHOCK LLC.**
a North Carolina company,

     Plaintiff,                                   **JURY TRIAL DEMANDED**

v.                                          **INJUNCTIVE RELIEF SOUGHT**

**BIG BOUNCE AMERICA LLC D/B/A**
**XL EVENT LAB**, **a Florida**
**corporation;**
**ALEXIS TOBIN, an individual; and**
**JAMES HATHERLY, an individual,**

     Defendants.

_____/

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**(17 U.S.C. §§ 101 et seq. – ALL DEFENDANTS)**

Plaintiff, Sharkshock LLC, alleges as follows:

## I.     INTRODUCTION

1.     This is a civil action seeking damages and injunctive relief for copyright infringement under the United States Copyright Act, 17 U.S.C. §§ 101 et seq.

2.     Plaintiff is the lawful owner of the federally registered copyright for the font 'Grinched,' United States Copyright Registration No. TX 8-705-956.

3.      Defendants have used, reproduced, and distributed the 'Grinched' font in advertising, event promotions, and other commercial materials without authorization, despite receiving multiple cease and desist demands from Plaintiff.

4.      Defendants' acts constitute willful and ongoing copyright infringement.

## II.      JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.      Venue is proper under 28 U.S.C. § 1400(a) because Defendants reside and conduct business in this district.

7.      Defendant Big Bounce America LLC d/b/a XL Event Lab is located at 618 East South Street, Suite 500, Orlando, Florida 32801.

8.      Individual Defendants Tobin and Hatherly personally directed or participated in the infringing acts and are believed to be located and have instructed, authorized, ratified and approved of ongoing willful infringement of Plaintiff's registered Work (Attached below for reference).

## III.      PARTIES

9.      Plaintiff Sharkshock is a North Carolina creative design company engaged in the creation, licensing, and sale of digital typefaces.

10.      Defendant Big Bounce America LLC d/b/a XL Event Lab operates large-scale entertainment and light show events using commercial promotional materials bearing Plaintiff's unauthorized and unlicensed 'Grinched' font.

2

11. Defendants Tobin and Hatherly exercise control over the company's marketing and promotional activities, including the ongoing infringing use of the "Grinched" font.

## IV.    FACTUAL ALLEGATIONS

12. Plaintiff created the original "Grinched" font and timely registered it with the U.S. Copyright Office (TX 8-705-956).

13. Plaintiff licenses the font commercially through authorized platforms.

14. Defendants used the "Grinched" font in their marketing, advertising, event promotions, and other commercial materials without a license.

15. Plaintiff contacted Defendants on at least four separate occasions to request confirmation of a valid license or to demand cessation of the use of the "Grinched" font. Defendants ignored Plaintiff's communications, failed to provide any proof of licensing, and refused to address the infringement in any meaningful way.

16. Despite receiving multiple cease-and-desist notices, Defendants continued to willfully use the font.

17. Defendants' failure to respond to Plaintiff's repeated notices, combined with their continued commercial use of the copyrighted font, demonstrates a conscious and deliberate decision to ignore Plaintiff's rights. Their silence and refusal to respond constitute strong evidence of willful infringement under 17 U.S.C. § 504(c)(2).

18. As shown in the screenshots attached below as **Exhibit "B,"** Defendants prominently used the unlicensed "Grinched" font in connection with their "airSPACE," "airSPACE SPORTS," and "Sport Slam" attractions, as well as throughout The Big Bounce America website. These uses appear on large-scale event signage, inflatable attraction branding, website promotional graphics, and related marketing materials, demonstrating extensive and ongoing exploitation of Plaintiff's copyrighted work.

19. Defendants' conduct was willful, knowing, and deliberate.

20. Each individual Defendant personally benefited from the infringing activities.

21. Defendants infringed Plaintiff's exclusive rights under 17 U.S.C. § 106, including making unauthorized copies, reproductions, distributions, and public displays.

22. Defendants' infringement was willful within the meaning of 17 U.S.C. § 504(c)(2).

23. Plaintiff seeks damages, including Defendants' profits, or statutory damages, as well as attorneys' fees and costs under 17 U.S.C. § 505.

24. The conduct of all Defendants was willful, deliberate, and undertaken with knowledge of Plaintiff's rights, as evidenced by their continued use of the "Grinched" font after receiving multiple cease-and-desist notices.

## V.     INDIVIDUAL LIABILITY AND PIERCING THE CORPORATE VEIL

25.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs

26.    Upon information and belief, Defendants Alexis Tobin, and James Hatherly were the moving, active, and conscious forces behind the infringing acts of Big Bounce America LLC d/b/a XL Event Lab.

27.    Each individual Defendant personally directed, controlled, or participated in the unauthorized use of Plaintiff's copyrighted "Grinched" font for the company's commercial benefit.

28.    Plaintiff is informed and believes that Big Bounce America LLC d/b/a XL Event Lab is inadequately capitalized, commingled funds with its principals, and was used as a mere instrumentality to carry out the willful infringement of Plaintiff's intellectual property rights.

29.    Defendants Tobin and Hatherly used the corporation to shield themselves from liability while knowingly authorizing, ratifying, and benefiting from the ongoing infringement.

30.    Under the doctrine of piercing the corporate veil and principles of joint and several liability, each individual Defendant is personally liable for the willful and continuing acts of infringement committed through Big Bounce America LLC d/b/a XL Event Lab.

5

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

A.     That Defendants have infringed Plaintiff's copyright in violation of 17 U.S.C. § 501;

B.     That Plaintiff is the prevailing party in this action;

C.     A permanent injunction prohibiting further infringement;

D.     Damages and Defendants' profits or statutory damages;

E.     Attorneys' fees and costs;

F.     Impoundment and destruction of infringing materials;

G.     Pre- and post-judgment interest; and

H.     Such other relief as the Court deems just and proper.

## VII.   DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

DATED: March 25, 2026

Respectfully Submitted,

 /s/ Thomas Patti

**THOMAS PATTI, ESQ.**
Florida Bar No. 118377
E-mail:   Tom@pzlg.legal
**VICTOR ZABALETA, ESQ.**
Florida Bar No. 118517
E-mail:   Victor@pzlg.legal
**TALAL RASHID, ESQ.**
Florida Bar No. 1010307
Email:   talal@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street, 17th Floor
Fort Lauderdale, Florida 33301
Phone:   561-542-8550

*COUNSEL FOR CLAIMANT*

7